UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **LINDA MOISE**, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>**THE SCHOOL BOARD OF COLLIER COUNTY**, a political subdivision of the State of Florida,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 2:20-cv-102<br><br>Judge:<br><br>Mag. Judge: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, **LINDA MOISE** ("**MOISE**" or "Plaintiff"), by and through undersigned counsel, and states the following for his Complaint:

**CAUSES OF ACTION**

1. This is an action brought under the federal Rehabilitation Act of 1973 ("Rehab Act"), as amended, for disability discrimination, and under Florida's Public Whistleblower Act (PWA) and F.S. §440.205 for unlawful retaliation.

**PARTIES**

2. The Plaintiff, **LINDA MOISE** ("**MOISE**") is an individual, a United States citizen and at all relevant times has been, and is, domiciled within Collier County, Florida.

3. Defendant, **DISTRICT SCHOOL BOARD OF COLLIER COUNTY** ("Defendant") is a political subdivision of the state of Florida and oversees the public school system in and for Collier County, Florida. The Defendant was **MOISE**'s employer. The Defendant receives in excess of $1,000,000.00 annually from the federal government in financial assistance.

At all material times, the Defendant employed more than ten employees and was the employer of **MOISE** as defined by the Rehab Act and PWA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since the action accrued in Collier County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

7. **MOISE** began her employment with the Defendant on August 8, 2019 as an assistant principal.

8. **MOISE** always performed her assigned duties in a professional manner and was very well qualified for her position.

9. **MOISE** always received praise in her performance and never received any criticisms about her performance until after she suffered a physical battery by a student that left her with disabilities.

10. On October 30, 2019, **MOISE** was the victim of an attack by a student with disabilities, which student also threatened to kill her.

11. The attack left **MOISE** unable to work for two consecutive days and required her to engage in rehabilitative services for her injuries.

12. **MOISE** reported her workplace injuries that same day and a worker's compensation case was opened. She also pressed charges against the student that attacked her.

13. Section 504 of the Rehab Act prohibits recipients of federal financial assistance from discriminating against qualified individuals with disabilities in employment.

14. As a result of the attack, **MOISE** became a qualified person with a disability as she developed an impairment of the musculoskeletal system and mental/emotional system, which limits her ability to perform certain major life activities, including her movement and thought processes.

15. **MOISE** has a history of these impairments that limits major bodily functions and several major life activities. **MOISE**'s impairments qualify as a disability as that term is defined under 28 C.F.R. §36.104(iii).

16. On October 31, 2019, **MOISE** sent her principal a signed, written complaint regarding the Defendant not completing legally required behavioral threat assessments – and thus the Defendant's violations of the Rehab Act, the IDEA and/or Marjorie Stoneman Douglas Act, and her decision to move forward to press charges against the student. On November 3, 2019, **MOISE** sent her principal a signed, written complaint regarding her return to work being unsafe as a result of having to supervise the student that attacked her, which concerned the Defendant's noncompliance with the Rehab Act and the IDEA, and Marjorie Stoneman Douglas Act. **MOISE** also requested to return to work with the accommodation of not having to be in the presence of the student that attacked her and threatened to kill her.

17. In response, her principal warned **MOISE** that she "better be more careful about what she puts in writing. On December 5, 2019, **MOISE** sent her principal a signed, written complaint regarding her return to work being unsafe as a result of having to supervise the student

that attacked her, which concerned the Defendant's noncompliance with the Rehab Act and the IDEA because the student that attacked her – and many others across the school district as a whole – had not had their legally required behavioral assessments done and that there was no full-time behavioralist on staff as required. **MOISE** also requested to return to work with the accommodation of not having to supervise the student that attacked her and threatened to kill her.

18. The Defendant demanded she return to work, offering only to reinstate her if she accepted a demotion to return as a middle school teacher, a demotion to return as a first-grade teacher, or return to her assistant principal position with the only accommodation being for lifting and standing.

19. **MOISE** responded by requesting a transfer to any vacant assistant principal position at another one of the Defendant's schools.

20. But despite several such positions being open, the Defendant refused.

21. **MOISE**, however, insisted on a transfer to another vacant assistant principal position since that is a reasonable accommodation.

22. Nevertheless, the Defendant refused and then terminated **MOISE** on or about December 18, 2019 when she declined to accept the unreasonable accommodations offered by the Defendant.

### COUNT I – VIOLATION OF THE REHAB ACT, AS AMENDED

23. Plaintiff incorporates by reference Paragraphs 1-22 of this Complaint as though fully set forth below.

24. At all relevant times, **MOISE** was an individual with a disability within the meaning of the Rehab Act.

25. Specifically, **MOISE** has physical impairments that substantially limit one or more of her major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

26. **MOISE** is a qualified individual with disabilities as that term is defined in the Rehab Act.

27. **MOISE** is an individual who, with or without reasonable accommodation, at all relevant times could perform the essential functions of her job with the Defendant.

28. At all material times, **MOISE** was an employee and the Defendant was her employer covered by and within the meaning of the Rehab Act.

29. The Defendant was made aware and was aware of **MOISE**'s disabilities, which qualify under the Rehab Act.

30. The Defendant discriminated against **MOISE** with respect to the terms, conditions, and privileges of employment because of her disabilities.

31. The Defendant conducted itself with malice or with reckless indifference to **MOISE**'s federally protected rights.

32. The Defendant discriminated against **MOISE** in violation of the Rehab Act by interfering with her enjoyment of all benefits, privileges, terms, and conditions of his employment.

33. The conduct of the Defendant altered the terms and conditions of **MOISE**'s employment and **MOISE** suffered negative employment action in the form of discipline and termination.

34. As a direct and proximate result of the violations of the Rehab Act, as referenced and cited herein, **MOISE** has lost all of the benefits and privileges of her employment and has

been substantially and significantly injured in her career path that was anticipated from her employment.

35. As a direct and proximate result of the violations of the Rehab Act as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **MOISE** is entitled to all relief necessary to make her whole.

36. As a direct and proximate result of the Defendant's actions, **MOISE** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all disability discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF FLORIDA'S PUBLIC WHISTLEBLOWER ACT (FPWA)

37. Plaintiff incorporates by reference Paragraphs 1-22 of this Complaint as though fully set forth below.

38. This Count is timely brought under F.S. §112.3187(8)(c) as **MOISE** exhausted any administrative remedies within the meaning of the law.

39. At all material times, **MOISE** was an employee and the Defendant was her employer covered by and within the meaning of the FPWA.

40. **MOISE** was qualified for the position that she held with the Defendant.

41. **MOISE** did engage in statutorily protected activity.

42. **MOISE** did make several disclosures of the Defendant's violations of federal, state, and/or local laws, rules, and/or regulations committed which created and presented a substantial and specific danger to the public's health, safety, or welfare.

43. **MOISE** did make several disclosures of the Defendant's gross mismanagement, malfeasance, misfeasance, nonfeasance, and/or neglect of duty.

44. **MOISE**'s statutorily protected activity occurred prior to the Defendant's initiation of any adverse employment action against her.

45. **MOISE** did suffer adverse employment action, which is causally linked to her engagement in statutorily protected activity.

46. **MOISE** made her written disclosures on her own initiative to the appropriate local official.

47. **MOISE** was requested to, and did, participate in investigations by CCSO.

48. **MOISE**'s complaints and disclosures constitute a protected activity because her complaints and disclosures were concerning an unlawful activity of the Defendant.

49. Said protected activity was the proximate cause of the Defendant's negative employment actions against **MOISE**, which included her termination.

50. Instead of investigating **MOISE**' complaints and lauding her honest reporting of violations of law, rules and/or regulations or gross mismanagement, malfeasance and misfeasance of the Defendant, the Defendant retaliated against **MOISE** by terminating her employment.

51. The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of the PWA.

52. As a direct and proximate result of the violations of the PWA, as referenced and cited herein, **MOISE** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

53. As a direct and proximate result of the violations of the PWA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **MOISE** is entitled to all relief necessary to make her whole as provided for under the PWA.

54. As a direct and proximate result of the Defendant's actions, **MOISE** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

**WHEREFORE**, Plaintiffs request trial by jury of all issues so triable as of right, and:

i.  Injunctive relief directing the Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had she maintained her position

       with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.    Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vi.    Temporary reinstatement;

vii.    Reasonable attorney's fees plus costs;

viii.    Compensatory damages, and;

ix.    Such other relief as this Court shall deem appropriate.

## COUNT III – UNLAWFUL RETALIATION AND WRONGFUL DISCHARGE UNDER F.S. § 440.205, WORKER'S COMPENSATION RETALIATION

55.    Plaintiff incorporates by reference Paragraphs 1-22 of this Complaint as though fully set forth below.

56.    **MOISE** was injured on the job and required medical treatment.

57.    **MOISE** promptly reported the worker's compensation injury to the Defendant and a worker's compensation claim was to have been filed.

58.    **MOISE** needed medical treatment in regard to her worker's compensation injury and she informed the Defendant of her need for the same.

59.    **MOISE** required ongoing and future medical treatment, which was compensable due to her injury occurring in the workplace.

60.    The Defendant then terminated **MOISE** as a direct result of the same.

61. Prior to her worker's compensation injury, **MOISE** had received consistently good performance reviews and had not been subjected to discipline.

62. **MOISE**'s attempt to file a worker's compensation claim, workplace injury and need for leave to have treatment for her workplace injury are the direct and proximate causes of the Defendant's termination of her employment.

63. As a direct and proximate result of the Defendant's actions that violate Florida Statute §440.205, **MOISE** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

**WHEREFORE,** Plaintiff prays that this Honorable Court enter a Judgment in his favor and against the Defendants for an amount consistent with evidence, together with back pay, front pay, non-economic damages, the costs of litigation, interest, and reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: February 13, 2020

**/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com